# New York City Court.

*Special Term—May,* 1882.

## MANN *against* SANDS ET AL.

Where a person employs a broker to buy or sell a particular kind of stock, the latter becomes a fiduciary in regard to the moneys which come into his hands; but if moneys be deposited with the broker from time to time as margins, the fiduciary relation necessary to authorize an arrest does not exist between the broker and the customer.

McADAM, Ch. J.—The general rule is that if a person employs a broker to buy a particular stock, and gives him the money to pay for it, the broker becomes a fiduciary in respect to both stock and money. If he employs a

broker to sell a particular stock belonging to him, the broker becomes a fiduciary in respect to such stock and its proceeds, and for any breach of duty toward the employer the broker is liable to arrest. But if money be deposited from time to time with a broker by a customer to cover any temporary rise or fall in the value of stocks not owned and paid for by the customer, but which are to be purchased and sold on his account on what is technically known in the Street as " margins," and setlements are had by balances struck, the relation thus formed becomes that of a debtor and creditor, and a failure by either party to pay the balance due does not furnish the other with a ground of arrest. This, like every other loan or deposit, may to a limited extent imply a trust and confidence, but it does not necessarily create that fiduciary relation which subjects the party who makes default in paying such balance, to arrest (see 6 *Robt.* 502; 15 *How. Pr.* 97; 6 *Duer,* 696; 1 *Hun.* 639).

In this case it does not appear that the plaintiff had possession of any of the stocks purchased or sold by the defendants, and the transaction, so far as the papers disclose, falls within that class of cases in which an arrest is not authorized. The motion to vacate the order will therefore be granted.

See Waters *v.* Marrin, 12 *Daly,* 445.